**SO ORDERED.**

**SIGNED this 15 day of March, 2012.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

GENE EXPRESS, INC.,                         CASE NO. 10-08432-8-JRL
                                            CHAPTER 7
    DEBTOR.

_____

### ORDER

This matter came before the court on AccuGenomics, Inc.'s ("AccuGenomics") motion to determine whether certain patent rights under the license agreement between the debtor and the University of Rochester ("Rochester") are considered property of the estate. A hearing was held on March 13, 2012 in Raleigh, North Carolina.

On October 14, 2010, an involuntary petition was filed under Chapter 7 of the Bankruptcy Code. James B. Angell was appointed as trustee on November 12, 2010, and continues to serve as trustee in this case. When this case was commenced, the debtor was under a license agreement with Rochester for the use of certain patent rights from Rochester. The debtor entered into the license agreement with Rochester on October 26, 1993. The license agreement allowed the debtor rights to the following patents owned by Rochester, if the debtor complied with the terms of the license agreement: U.S. Patent Nos. 5639606, 5643765, and

PCT53-52548.  Rochester terminated the license agreement with the debtor on November 4, 2010.[1]  On November 14, 2010, this court entered an order of relief.

AccuGenomics requests a determination, pursuant to § 365(p)(1) of the Bankruptcy Code, as to whether the patent rights licensed by the debtor are property of the estate.  The trustee objects to the motion and asserts that AccuGenomics lacks standing because it is not a creditor or party in interest in this proceeding.

"Those who do not possess Art. III standing may not litigate as suitors in the courts of the United States."  <u>Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.</u>, 454 U.S. 464, 475-76 (1982) (footnote omitted).  Article III of the United States Constitution requires the party who invokes the court's authority to show that he personally has suffered some actual or threatened injury as a result of the defendant's conduct, that the injury can be traced to the challenged action, and that it is likely to be redressed by a favorable decision.  <u>Valley Forge</u>, 454 U.S. at 472-73 (recognizing that court is not a vehicle for the vindication of the interests of concerned bystanders).

The Bankruptcy Code does not define "party in interest," but the term "is generally understood to include all persons whose pecuniary interests are directly affected by the bankruptcy proceedings."  <u>Yadkin Valley Bank & Trust Co. v. McGee (In re Hutchinson)</u>, 5 F.3d 750, 756 (4th Cir. 1993) (citations omitted).  However, a party or entity merely concerned with the outcome or result of a bankruptcy proceeding is not classified as a "party in interest."  <u>In re Mann</u>, No. 09-80494C, 2011 Bankr. LEXIS 625, at *5-7 (Bankr. M.D.N.C. Feb. 25, 2011)

---

[1] This revocation was likely ineffective, as the automatic stay was triggered by the filing of the involuntary petition.  11 U.S.C. § 362(a).

("[M]erely being interested in or concerned about a bankruptcy proceeding, without more, cannot give rise to standing to inject ones self into the proceeding.")  "Mere interest in the outcome of the proceeding is not sufficient to meet the standard [for a "party in interest"]." Id. at *5 (citation omitted); In re Morris Publishing Group, LLC., No. 10-10134, 2010 Bankr. LEXIS 488, 2010 WL 599393, at *4 (Bankr. S.D. Ga. Feb. 10, 2010) ("[E]ntity without some kind of direct relationship with the debtor, the debtor's property, or the administration of the bankruptcy estate – an entity that is a stranger to the bankruptcy case – is generally not a party in interest[.]").  Moreover, a party will not satisfy the standing requirement by asserting the legal rights or interests of third parties.  In re Village Rathskeller, Inc., 147 B.R. 665, 668 (Bankr. S.D.N.Y. 1992).

AccuGenomics does not have standing to seek a determination of whether the patent rights under the license agreement with Rochester are considered property of the estate. Although the University of Rochester was served with this motion, it has not responded.  Thus there is no affirmative showing that it desires to enter into an agreement with the movant. AccuGenomics has not provided the court with a written licensing agreement contingent on this court's finding that the University of Rochester is free to re-license the patents.  Accordingly, the motion is **DENIED** for lack of standing.

**END OF DOCUMENT**