**SO ORDERED.**

**SIGNED this 18 day of September, 2012.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

GENE EXPRESS, INC.,                              CASE NO. 10-08432-8-JRL
                                                 CHAPTER 7
    DEBTOR.

### ORDER

This matter came before the court on the trustee's notice of abandonment of licensed patent rights and the motion to strike filed by the petitioning creditors. Also before the court was a motion to determine property of the estate, which was resolved by consent order between the trustee and moving party. A hearing was held on September 11, 2012 in Raleigh, North Carolina.

An involuntary petition was filed under chapter 7 of the Bankruptcy Code on October 14, 2010, by Ronald B. MacNeill, Nick Lazardidis, John Anders and Jerry Vardzel (hereinafter "petitioning creditors"). Three of the petitioning creditors were also the principals of AccuGenomics, Inc. ("AccuGenomics"), which succeeded to the intellectual property of Gene Express, Inc. (hereinafter "Gene Express" or "debtor") and is the successor corporation to Eman

2, LLC.[1]  The intellectual property included certain patent rights originally assigned to the University of Rochester by the Medical University of Ohio and subsequently licensed to the debtor by licensing agreement dated October 11, 2005.  At the request of the petitioning creditors, an order appointing an interim trustee was entered on November 12, 2010.  On July 9, 2012, the trustee gave notice of an intent to abandon any property rights the bankruptcy estate had in the licensed patents rights.  The notice explicitly reserved any rights the trustee may have against the University of Rochester, AccuGenomics, the petitioning creditors or any person for violating the automatic stay, complicity in attempting to deprive the bankruptcy estate of the licenses to the patent rights, or any act that rendered the patent rights becoming of inconsequential value to the estate.

On July 25, 2012, the petitioning creditors responded to the trustee's notice of abandonment and moved the court to strike all immaterial, scandalous and defamatory statements included therein.  The trustee filed a response requesting that the motion to strike be denied.  On July 25, 2012, the trustee received correspondence from Austrian counsel representing Claudia Lechner and other shareholders of Gene Express objecting to the trustee's abandonment of the patent rights and alluding to alleged criminal activity by the management of Gene Express.  This correspondence also informed the trustee that Ms. Lechner and the other shareholders wished to solve the matter on their own and suggested that the trustee take no further steps in the matter.

Under § 365(d)(1) of the Bankruptcy Code, where the trustee "does not assume or reject

---

[1] MacNeill was a substantial shareholder of the debtor, Lazardis was the former president of the debtor and Vardell was a former chief executive officer of the debtor.

an executory contract or unexpired lease . . . of personal property of the debtor within 60 days after the order for relief, or within such additional time as the court, for cause, within such 60-day period, fixes, then such contract or lease is deemed rejected." 11 U.S.C. § 365(d)(1).  The trustee acknowledged his failure to timely accept the executory patent licenses within the 60-day period proscribed by § 365(d)(1) and reiterated that the notice of his intent to abandon was meant to reinforce his position that the patent rights not be included as property of the estate because they were burdensome and of inconsequential value to the bankruptcy estate.   Accordingly, the court finds no reason to deny the trustee's abandonment of licensed patent rights.

Pursuant to § 107(b) of the Bankruptcy Code, the court may strike material to "protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title."  11 U.S.C. § 107(b).  The petitioning creditors did not oppose the effect of the trustee's abandonment of the licensed patent rights; however, they contend that the notice's contents is peppered with scandalous and defamatory material that is calculated to prejudice and harm their reputations.   A motion to strike alleged defamatory or scandalous material under § 107(b) "is addressed to the sound judicial discretion of the Court."  Hope on Behalf of Clark v. Pearson, 38 B.R. 423, 424 (Bankr. M.D. Ga. 1984).  Based on arguments and responses of counsel, the court finds that the material present in the trustee's notice of abandonment does not constitute scandalous or defamatory matter warranting protection under § 107(b).

Based on the foregoing, trustee's notice of abandonment is **GRANTED** and debtor's motion to strike is **DENIED**.

## END OF DOCUMENT